The failure of the defendant to perform its duty to use reasonable care in the inspection of the brake, the defect in which caused the injury to the plaintiff, is the gravamen of the action.
The plaintiff was nonsuited on the ground that there was no evidence of negligence on the part of the defendant. We think the case should have been submitted to the jury. The evidence shows that the plaintiff was employed as brakeman on a freight train of the defendant, running from Norwood to Rome. On the day of the accident, after the train had been made up at Norwood ready to start, five flat cars loaded with railroad iron were placed in the train next to the engine, and the train, consisting of thirty cars, then proceeded to De Kalb Junction. The train having been stopped at that station, was started again with a view of placing it on a side track, moving upon a down grade. The plaintiff, in the performance of his duty, attempted to set the brake on the fourth flat car from the engine, and swayed upon the wheel in the usual manner, when the brake rod came out and he was thrown from the car and injured by the moving train. On examination after the injury it was found that the pin in the bottom of the brake rod, designed to hold the rod in place, was gone. There is no evidence how long this defective condition of the brake had existed. The plaintiff testified that the rod came out easily when he swayed upon it. The absence of the pin could not have been seen by one working the brake, but an inspection of the brake from under the car would have disclosed its absence.
It is claimed in behalf of the plaintiff that the evidence *Page 305 
would have justified the jury in finding that the pin was out when the train left Norwood, and that the company sent out the car from that place in a defective condition without inspection. Rule 99 of the company provides that conductors "will be personally responsible for examining the cars in their train at every convenient point, and especially at water stations, and with the help of the men, must know that all cars are in safe condition and no wheels or brakes broken." The duty of a railroad company to use reasonable care to protect its employees from injury while engaged upon its trains, embraces the obligation to use reasonable care in furnishing suitable machinery in the first instance, and to keep it in repair so that their lives may not be exposed to unnecessary peril. The duty of proper inspection for the purpose of discovering defects which may arise from use, is a part of the duty owing by the company to its servants. Where an employee is injured from defective machinery, the fact that he was so injured does not alone raise a presumption of negligence on the part of the company. "The knowledge of the defect must be brought home to the master, or proof given that he was ignorant of the same through his own negligence or want of proper care." (ALLEN, J., Wright v. N.Y.C.R.R. Co., 25 N.Y. 566.)
In this case the company had provided for a proper inspection, which, if it had been made, would have led to the discovery of the defective condition of the brake at Norwood, assuming that the pin was not in the rod when the train started from that place. The rule required an inspection at that point, and if due inspection was omitted there, and the injury resulted from a defect then existing, a case was made for the jury, because the master is never exonerated by the negligent omission of subordinates to perform duties which are imposed upon him in his character as master, resulting in injury to other employees. We think there was enough shown from which the jury might infer that the pin was not in the rod when the train left Norwood and that the failure to discover the defect there, was in consequence of the omission *Page 306 
to properly inspect the car at that point. It appeared that no attempt had been made to use the brake between Norwood and DeKalb Junction, and the pin could not, therefore, have been broken or displaced by any use of the brake between these points. The method of fastening the pin after passing it through the rod, as explained, indicates that it could not have fallen out as the result of the mere motion of the car. There was no indication that the pin was displaced by the effort to set the brake, since neither the pin nor any broken parts seem to have been found at the place of the accident. The trial court rejected an offer on the part of the plaintiff to prove that the other brakes on the flat cars taken in at Norwood, were in a defective condition, which rendered them useless. This evidence was, we think, competent as bearing upon the point whether the flat cars were inspected at Norwood, and whether there was any inspection there of this brake used by the plaintiff.
The evidence of the negligence of the defendant is not direct or positive. But this is an infirmity which attends the investigation of facts in courts of justice in very many cases. While a verdict founded upon inference having no just basis in the proven facts ought not to stand, and where the grade of proof is such that the inference therefrom of an essential fact is a mere speculation, it is the duty of the court to withdraw the case from the jury, we are unwilling to say in this case that there was no evidence from which a just inference might not be drawn by the jury, that the defective condition of the brake existed when the car left Norwood, and that there was a negligent failure to discover it at that point.
The judgment should be reversed and a new trial ordered.
All concur.
Judgment reversed. *Page 307