HENRY SCHULZ, Respondent, *v.* CHARLES ROHE et al., Appellants.

1. NEGLIGENCE — MASTER AND SERVANT — DEFECTIVE MACHINE. Assuming that a foreman is the *alter ego* of his employer, and that he has knowledge of a defect in a machine, negligence in failing to repair is not imputable to him or to the employer as regards an operative injured while using the machine, when it appears that, on learning of the defect, the foreman directed the person who was employed for the purpose of keeping the machine in order to repair it.

2. NEGLIGENCE OF CO-SERVANT. The neglect of an engineer, employed for the purpose of keeping the machines in a manufacturing establishment in order, to repair a defect which he had been directed to remedy, is the negligence of a co-servant, as regards an operative injured by reason thereof.

3. CONTRIBUTORY NEGLIGENCE. If an employee goes to work upon a machine of his own accord, without directions from his employer or the latter's representative, knowing it to have been out of order and therefore dangerous, without first ascertaining whether it had been repaired, he is himself guilty of negligence.

*Schulz* v. *Rohe*, 8 Misc. Rep. 683, reversed.

(Argued March 6, 1896; decided April 7, 1896.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 7, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Robert E. Deyo* for appellants. The injury to the plaintiff was caused by his own negligence. (*Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y. 562; *Thorn* v. *N. Y. C. I. Co.*, 46 Hun, 497; *Leonard* v. *Collins*, 70 N. Y. 90; *Palmer* v. *N. Y. C. & H. R. R. R. Co.*, 112 N. Y. 234; *Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 451; *McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 59 N. Y. 468; *Gorton* v. *E. R. Co.*, 45 N. Y. 660; *Davis* v. *N. Y. C. & H. R. R. R. Co.*, 47 N. Y. 400; *Ernst* v. *H. R. R. R. Co.*, 39 N. Y. 61; *Dist. of*

*Columbia* v. *McElligott*, 117 U. S. 621.)   There was no proof
of negligence on the part of the defendants.  (*Holcomb* v.
*Holcomb*, 95 N. Y. 316; *Dingley* v. *S. K. Co.*, 134 N. Y. 552;
*De Vau* v. *P. & N. Y. C. & R. R. Co.*, 130 N. Y. 632;
*Soderman* v. *Kemp*, 145 N. Y. 427; *Dobbins* v. *Brown*, 119
N. Y. 188; *Sweeney* v. *B. & J. E. Co.*, 101 N. Y. 520;
*Warner* v. *E. R. Co.*, 39 N. Y. 468; *Keenan* v. *N. Y.,
L. E. & W. R. R. Co.*, 145 N. Y. 190; *Gabrielson* v.
*Waydell*, 135 N. Y. 1; *Loughlin* v. *State*, 105 N. Y. 159.)
Knowledge of the defect was not brought home to the defend-
ants, and there was no proof that the defendants omitted
the exercise of proper care to discover the defect.  (*Malone*
v. *Hathaway*, 64 N. Y. 5; Whart. on Neg. § 243; *Cahill* v.
*Hilton*, 106 N. Y. 512; Wood on Master & Servant, §§ 345,
346.)   It was error for the justice to charge that it is not
necessary that personal knowledge be brought home to the
defendants themselves, so long as it is to the foreman or offi-
cer in charge.  (*Crispin* v. *Babbitt*, 81 N. Y. 516.)   This is a
case where the court will examine the facts.  (*Hudson* v.
*R., W. & O. R. R. Co.*, 145 N. Y. 408, 412.)

*James M. Fisk* for respondent.   The defendants alone
were guilty of negligence.  (*Flike* v. *B. & A. R. R. Co.*, 53
N. Y. 549; *Benzing* v. *Steinway*, 101 N. Y. 547; *Laning*
v. *N. Y. C. R. R. Co.*, 49 N. Y. 521; *Corcoran* v. *Holbrook*,
59 N. Y. 517; *Slater* v. *Jewett*, 85 N. Y. 61; *Pantzar* v. *T.
F. I. M. Co.*, 99 N. Y. 368; *McGovern* v. *C. V. R. R. Co.*, 123
N. Y. 287.)   The plaintiff was not guilty of contributory
negligence.  (*McGovern* v. *C. V. R. R. Co.*, 123 N. Y. 288;
117 N. Y. 645; 99 N. Y. 376; 73 N. Y. 40; 100 N. Y. 516;
*Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 521; *Corcoran* v.
*Holbrook*, 59 N. Y. 517; *Brickner* v. *N. Y. C. R. R. Co.*,
49 N. Y. 672; *Flike* v. *B. & A. R. R. Co.*, 53 N. Y. 549;
*Booth* v. *B. & A. R. R. Co.*, 73 N. Y. 38; *Fuller* v. *Jewett*,
80 N. Y. 46; *Durkin* v. *Sharp*, 88 N. Y. 227; *Kain* v.
*Smith*, 89 N. Y. 379; *Mann* v. *Prest., etc., D. & H. C. Co.*,
91 N. Y. 495.)

HAIGHT, J.　This action was brought to recover damages for personal injuries sustained by the plaintiff in September, 1888, while in the employ of the defendants. At the time of the injury he was engaged in operating a steam sausage-stuffing machine. The machine consists of a cylinder with two tubes in the bottom. Over it is a piston, having a head the size of the inside of the cylinder, which is operated with steam, the piston pressing down into the cylinder, forcing the meat out through the tubes and filling the cases in which it is confined and tied into links. The machine is connected with a steam pipe in which there is a valve which admits and cuts off the steam as the operator may desire. When the steam is on, the machine is operated by a lever. By raising the lever the piston is raised into position out of the cylinder and the cylinder tilts over out from under the piston so that it can be filled with meat. When filled, by pressing the lever down the cylinder tilts back into an upright position under the piston, which lowers into the cylinder pressing the meat out through the tubes as we have already described. Two men were engaged in operating the machine and two were engaged at the table in front of the machine tying and linking the sausages. The plaintiff was engaged at the table tying the sausages. On the Tuesday before Thanksgiving day at about five o'clock in the afternoon one of the men engaged in operating the machine went out of the room for a few moments and the plaintiff left the table where he was working, stepped around to the machine and commenced filling the cylinder with meat. In doing so he placed his hands down into the cylinder and whilst his hands were therein, it of its own accord, as is claimed, tilted back under the piston and the piston came down, cutting off four of his fingers near the first joint.

The theory of the prosecution is that the machine was out of repair and that the defendants were negligent in not keeping it in repair. There was a controversy in the evidence as to whether the plaintiff had ever been directed to operate the machine. He testified that he had on several occasions

operated it for a few minutes when the person employed for that purpose was temporarily absent and that he had been instructed to do so by the foreman in charge. He further testified that the machine was out of order the week previous; that the handle fell down without touching; that on the Thursday or Friday before Mr. Kern, the foreman, with two men from the factory where the machine came from, were in the room looking at the machine and that the men said to the foreman that when the engineer came he "should fix it." That the foreman then went for the engineer, but found him out; that subsequently when the engineer came the foreman told him and he replied "I could not fix it to-day; I will fix it on Sunday, because the machine is too warm." He further testified that they worked the machine on Monday and Tuesday until the time of the accident and it worked all right, and that he supposed that the machine had been fixed. This is the evidence bearing upon the subject. The evidence does not disclose what the defect was in the machine further than that the cylinder tilted back of its own accord and the piston came down.

The defendants were not informed that the machine was out of order in this particular, and neither the plaintiff nor any of his associates appear to have called the attention of the foreman to any previous trouble with it. The only evidence tending to show that the foreman knew of any defect in the machine is the conversation related that he had with the two men from the factory and his direction to the engineer. With reference to this the plaintiff further testified upon his cross-examination that at the time the two men from the factory were looking at the machine, Herman Becker and the foreman undertook to make the machine go and that it would not move; it refused to go; it had many times refused to go; that he had seen the piston stick in the cylinder so that it would not go up or down.

It thus appears from his own testimony that the defect existing at that time was a sticking of the piston in the cylinder and the refusal of the machine to move, and that this was the trouble that the foreman and the men from the factory were

considering. It does appear from other evidence in the case that the piston had been bent, and that it was such bending that caused it to stick in the cylinder. It will thus be seen that the foreman is not shown to have had knowledge of the defect complained of by the plaintiff, and in the absence of knowledge of such defect by the defendants there is nothing upon which the charge of negligence on their part can be founded.

But should we assume that the foreman had knowledge of the defect complained of, we should still be of the opinion that this judgment could not be maintained; for, as we have seen, he sent for the engineer, the man who was employed for the purpose of looking after and keeping the machines in repair, called his attention to the defect in the machine and directed its repair. The engineer promised to repair it on the following Sunday. This all took place in the presence and hearing of the plaintiff and is related by him. He thus knew that the machine was out of repair and that the engineer had promised to fix it on Sunday. Whether it was fixed on that day does not appear. It worked all right on Monday and Tuesday following and until the accident occurred. The plaintiff had received no orders or directions from the foreman to work upon the machine in the meantime. If there was any neglect on the part of the engineer it was that of a co-servant. If the plaintiff went to work upon the machine of his own accord, without directions from the defendants or their foreman, knowing it to be out of order and dangerous, without first ascertaining whether it had been repaired, he himself would be guilty of negligence.

In considering the case we have assumed that the foreman stood as the *alter ego* of the defendants, and that they would be liable for his negligence. We only, however, assume this for the purposes of this review, without determining the question.

The judgment should be reversed and new trial granted, with costs to abide the event.

All concur.

Judgment reversed.