the machine could be implied from the mere employment of the assailant as a collector, and I have so held at circuit. Marciano v. Manuf'g Co. (Kings Co.; Nov., 1894) unreported.

In the cases to which I have referred I am committed to a view of the law which is fatal to the recovery in the present action, unless the averments in the second paragraph of subdivision 2 of the answer may fairly be regarded as an admission that Ross acted with the authority of the defendant corporation in his efforts to take and carry away the machine. Upon the oral argument I was inclined to think that the answer might be thus construed, but a careful examination of the record satisfies me that it was not so intended by the pleader, or so understood by the counsel for the plaintiff or by the court. The proof in behalf of the defendant, and the discussions on the various motions, show that it was the contention of the defendant throughout that Ross had no authority, general or otherwise, to retake the machine from a delinquent purchaser. Under these circumstances the practical construction which both the parties and the court put upon the pleading during the trial should prevail with us here. As the case stood when all the evidence was in, there was no proof sufficient to justify a finding by the jury that the servant, in committing the assault, was at the same time acting within the scope of the master's employment. The motion to direct a verdict for the defendant should therefore have been granted.

I think we ought to reverse the judgment and order a new trial. All concur.

--- --- ---

(21 App. Div. 45.)

### MILLER v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

LIABILITY OF MASTER—INSPECTION OF TOOLS.

     An employer is under no obligation towards his employés to inspect during their use those common tools and appliances with which every one is conversant.

Appeal from trial term.

Action by George A. Miller against the Erie Railroad Company. From a judgment in favor of plaintiff, and an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and BRADLEY, JJ.

Henry Bacon, for appellant.
William Vanamee, for respondent.

CULLEN, J. The plaintiff was employed as a switchman in the yard of the defendant at Middletown. In moving cars in the yard, it was customary to use a push pole, by which an engine on one track was enabled to move or push a car on an adjoining track. It was part of the plaintiff's duty to place the push pole in position between the engine and the car to be moved. While engaged in this work, the push pole broke, and the plaintiff was very severely injured. The push pole was a hickory stick, about eight feet long, and six inches

in diameter in the middle, tapering to four inches at the ends, where the stick was bound by iron rings. There was evidence tending to show that the stick was somewhat crossgrained, and in one place dozy, or decayed. There was evidence to the effect that the crossgrain tended to make the stick weaker; but whether it was so great that in ordinary practice the stick should have been rejected did not appear. There was conflict in the testimony as to whether the decay or doziness occurred before the stick was furnished for use, or since that time. The evidence for the defendant tended to establish that the real cause of the accident was that the engine struck the pole a heavy blow, instead of approaching the stick very slowly until contact was had. The trial court charged:

"Proper inspection for the purpose of discovering defects which may arise from use is a part of the duty which the company owed the plaintiff, as well as reasonable inspection to determine its fitness before it was used. * * * Or would a reasonable inspection after it was in use have discovered that it was faulty,—are questions of fact for you to determine from the evidence."

The defendant excepted to the charge that negligence could be predicated on the failure to inspect the push pole during its use. It also asked the court to instruct the jury that it was not the duty of the defendant to inspect it during the course of such use. This the court refused.

Assuming that a case was made out for the jury to pass upon, provided they found that the stick was defective and insufficient when originally furnished, we think the court erred in instructing the jury that they might find the defendant negligent in failing to subsequently inspect the pole. This pole was the simplest possible appliance,—a mere stick of wood. It may be that original defects in it were concealed by the paint or stain; but decay that occurred in its use would be properly first observed by those who used it. These sticks also wore out in use. Others were provided that might be substituted. It seems to us that this case falls within the principle of Marsh v. Chickering, 101 N. Y. 396, 5 N. E. 56, Cahill v. Hilton, 106 N. Y. 512, 13 N. E. 339, and Cregan v. Marston, 126 N. Y. 568, 27 N. E. 952. There is no duty resting on an employer to inspect during their use those common tools and appliances with which everyone is conversant. If a spade, a hoe, or a push stick either wears out or becomes defective, the employer may ordinarily rely on the presumption that those using the article will first detect its defect.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide event. All concur.