GEORGE A. MILLER, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

*Railroad — expert evidence as to the effect of the use of paint upon a push stick — what is not an excessive verdict.*

The admission in evidence, upon the trial of an action to recover damages for personal injuries resulting from the alleged negligence of the defendant, a railroad company, of the opinions of experts to the effect that the result of painting a push stick is to obscure defects therein, does not constitute reversible error, even though such evidence was inadmissible, as the experts informed the jury only what the jurors should have known and undoubtedly did know.

In such an action a verdict of $6,500 for the plaintiff, who, as the result of the accident, had a badly broken jaw which was not only very painful, but would be permanent, disfiguring his face for life, is not excessive.

APPEAL by the defendant, the Erie Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 18th day of April, 1898, upon the verdict of a jury for $6,500, and also from an order entered in said clerk's office on the 9th day of May, 1898, denying the defendant's motion for a new trial made upon the minutes.

This action was brought to recover damages for personal injuries sustained by the plaintiff while a switchman in the employ of the defendant, in consequence of the breaking of a pole, called a push pole, used for the purpose of enabling an engine on one track to push cars upon another track.

*Henry Bacon,* for the appellant.

*William Vanamee* [*Thomas Watts* with him on the brief], for the respondent.

WILLARD BARTLETT, J.:

This case comes before us for the second time, after a second trial, upon which the damages awarded to the plaintiff ($6,000) were

nearly twice as large as those awarded by the first jury. The facts of the case are sufficiently stated in the opinion on the former appeal. (*Miller* v. *Erie R. R. Co.*, 21 App. Div. 45.) The trial which now comes up for review seems to have been conducted in accordance with the suggestion in that opinion, that if the defendant was liable at all it was liable for furnishing to its employees a push stick for use in moving cars which was defective and insufficient when originally furnished. The contention in behalf of the defendant was that the utmost care had been taken by its officers, agents and servants, by means of a stringent system of inspection, to secure push sticks of adequate character and strength for the work in which they were to be employed. On the other hand, the plaintiff introduced evidence tending to show that the push stick in question, which caused the injury to the plaintiff, broke by reason of a defect therein which must have been apparent in the timber before it was made into a push stick; and the theory of the plaintiff's case was that proper inspection of the wood at that time would have demonstrated its unfitness for the use to which the defendant desired to put it. The plaintiff's failure to observe this defect himself was attributed to the fact that the stick had been painted or stained in such a manner that the decayed, dozy or dead-wood spot, as it was termed, had been made nearly the same color as the rest of the stick, so that it became a hard matter to see it. There was thus a conflict in the evidence as to the actual condition of the push stick at the time it was furnished to the employees of the railroad company, and this raised an issue of fact on that branch of the case which the court was bound to submit to the jury.

On the part of the defendant it is earnestly insisted that the accident was really due to the negligent manner in which the plaintiff and his fellow-workmen made use of the push stick at the time when it broke; but while there was testimony which would have warranted the jury in adopting that view, we do not think that they were bound to adopt it. Indeed, it may fairly be inferred, from the testimony of those who were present at the accident, that there was nothing out of the ordinary course in the manner in which they attempted to move the car to which the stick was applied.

Two rulings as to the admission of evidence are assigned as error. An expert in the examination of different kinds of wood was asked

what was the effect of the paint upon the push stick, and, over the objection and exception of counsel for the defendant, answered that its effect was practically to cover up any defects that were in the stick. Another expert was asked what would be the effect of the stain or paint upon the wood, and answered : " Well, if you cover over anything you could not see the defect very well with the stain." Whether opinion evidence should properly have been received on this subject or not, the answers did no possible harm, for they only told the jury what the jurors ought to have known, and undoubtedly did know, without the aid of any statements from witnesses. But still another witness was asked : " Can you say whether that is known among wood experts as a good piece of hickory ? " The exception to the ruling of the court admitting this question, even if otherwise well taken, avails nothing to the defendant, because the witness did not answer it responsively. What he said was : " It is a very poor piece of timber ; anybody would reject it that knew anything about timber. It has a bad spot into it. It is old timber."

Although the amount of the plaintiff's recovery has been so largely increased upon the second trial, we cannot say that the verdict was excessive. The plaintiff's jaw was badly broken ; the injury was not only very painful, but its effects will be permanent, disfiguring his face for life. The case is not one in which the court would be justified in reducing the award of damages.

It follows that the judgment and order should be affirmed.

HATCH, J., absent.

Judgment and order unanimously affirmed, with costs.