### MILLER v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. November 22, 1898.)

1. TRIAL—QUESTION FOR JURY.
   A conflict in the evidence as to the condition of a tool at the time it was furnished to an employé raises an issue of fact, which must be submitted to the jury.

2. EVIDENCE—EXAMINATION OF EXPERTS—HARMLESS ERROR.
   Where an employé was injured by a defective push-stick, which had been painted, it would not be error to receive the opinion of an expert that the effect of the paint was to cover defects in the stick, since it only told the jury what it already knew.

3. DAMAGES—EXCESSIVE.
   Where plaintiff's jaw was broken, disfiguring his face for life, and causing him great pain, a verdict for $6,000 would not be excessive.

Appeal from trial term, Orange county.

Action by George A. Miller against Erie Railroad Company. From a verdict for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Henry Bacon, for appellant.

William Vanamee, for respondent.

WILLARD BARTLETT, J. This case comes before us for the second time, after a second trial, upon which the damages awarded to the plaintiff ($6,000) were nearly twice as large as those awarded by the first jury. The facts of the case are sufficiently stated in the opinion on the former appeal. Miller v. Railroad Co., 21 App. Div. 45, 47 N. Y. Supp. 285. The trial which now comes up for review seems to have been conducted in accordance with the suggestion in that opinion, that, if the defendant was liable at all, it was liable for furnishing to its employés a push-stick for use in moving cars which was defective and insufficient when originally furnished. The contention in behalf of the defendant was that the utmost care had been taken by its officers, agents, and servants, by means of a stringent system of inspection, to secure push-sticks of adequate character and strength for the work in which they were to be employed. On the other hand, the plaintiff introduced evidence tending to show that the push-stick in question, which caused the injury to the plaintiff, broke by reason of a defect therein which must have been apparent in the timber before it was made into a push-stick; and the theory of the plaintiff's case was that proper inspection of the wood at that time would have demonstrated its unfitness for the use to which the defendant desired to put it. The plaintiff's failure to observe this defect himself was attributed to the fact that the stick had been painted or stained in such a manner that the decayed, dozy, or dead-wood spot, as it was termed, had been made nearly the same color as the rest of the stick, so that it became a hard matter to see it. There was thus a conflict in the evidence as to the actual condition of the push-stick at the time it was furnished to the employés of the railroad company, and this raised an issue of fact on that branch of the case which the court was bound to submit to the jury.

On the part of the defendant it is earnestly insisted that the accident was really due to the negligent manner in which the plaintiff and his fellow workmen made use of the push-stick at the time when it broke; but, while there was testimony which would have warranted the jury in adopting that view, we do not think that they were bound to adopt it. Indeed, it may fairly be inferred, from the testimony of those who were present at the accident, that there was nothing out of the ordinary course in the manner in which they attempted to move the car to which the stick was applied.

Two rulings as to the admission of evidence are assigned as error. An expert in the examination of different kinds of wood was asked what was the effect of the paint upon the push-stick, and, over the objection and exception of counsel for the defendant, answered that its effect was practically to cover up any defects that were in the

stick. Another expert was asked what would be· the effect of the stain or paint upon the wood, and answered: "Well, if you cover over anything, you could not see the defect very well, with the stain." Whether opinion evidence should properly have been received on this subject or not, the answers did no possible harm, for they only told the jury what the jurors ought to have known, and undoubtedly did know, without the aid of any statements from witnesses. But still another witness was asked: "Can you say whether that is known among wood experts as a good piece of hickory?" The exception to the ruling of the court admitting this question, even if otherwise well taken, avails nothing to the defendant, because the witness did not answer it responsively. What he said was: "It is a very poor piece of timber. Anybody would reject it that knew anything about timber. It has a bad spot into it. It is old timber."

Although the amount of the plaintiff's recovery has been so largely increased upon the second trial, we cannot say that the verdict was excessive. ·The plaintiff's jaw was badly broken. The injury was not only very painful, but its effects will be permanent, disfiguring his face for life. The case is not one in which the court would be justified in reducing the award of damages.

It follows that the judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.