PATRICK BYRNE, Appellant, *v.* THE EASTMANS COMPANY OF NEW YORK, Respondent.

NEGLIGENCE — DEFECT IN APPLIANCE CAUSED BY USAGE — MASTER'S DUTY TO INSPECT AND KEEP IN GOOD CONDITION — QUESTION OF FACT. Where a servant was injured by an accident caused by a defect in an appliance, which might have been caused by hard usage, but was not observed by any one until after the accident, and a proper inspection might have disclosed the defect, it is a question of fact for the jury whether the injury was due to the master's negligence in the proper inspection of the appliance, and thus to the lack of reasonable care on his part to keep it in good condition, or to replace it by one that was good and suitable.

*Byrne* v. *Eastmans Co.*, 27 App. Div. 270, reversed.

(Argued May 24, 1900; decided June 19, 1900.)

APPEAL from a judgment of the Supreme Court, entered April 29, 1898, upon an order of the Appellate Division of the Supreme Court in the first judicial department, overruling plaintiff's exceptions, ordered to be heard in the first instance by the Appellate Division, denying a motion for a new trial, and directing judgment for defendant upon the order of the Trial Term dismissing the complaint.

This action was brought to recover damages for personal injuries alleged to have been received through the negligence of defendant. The facts, so far as material, are stated in the opinion.

*Frederick T. Hill* for appellant. The risk was not obvious. (*Hawley* v. *N. C. Ry. Co.*, 82 N. Y. 370; *Myers* v. *Erie R. R. Co.*, 44 App. Div. 11.) The plaintiff did not assume the risk. (*Bailey* v. *R., W. & O. R. R. Co.*, 139 N. Y. 302; *Hankins* v. *N. Y., L. E. & W. R. R. Co.*, 142 N. Y. 416; *Young* v. *S., B. & N. Y. R. R. Co.*, 45 App. Div. 296; *Eastwood* v. *R. M. Co.*, 86 Hun, 91; *Pantzar* v. *T. F. I. M. Co.*, 99 N. Y. 368; *Doing* v. *N. Y., O. & W. Ry. Co.*, 151 N. Y. 585; *Coppins* v. *N. Y. C. & H. R. R. R. Co.*, 122 N. Y. 562; *Stringham* v. *Stewart*, 100 N. Y. 516; *Ellis* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 552; *Cone* v. *D., L. & W. R. R. Co.*, 81 N. Y. 206.) The defendant failed in its duties. It did not keep the track in repair. Either it did not

supply proper implements, or it so misused them afterwards
as to make them improper, and it made no inspection and
took no precautions. (*Doing* v. *N. Y., O. & W. Ry. Co.*, 151
N. Y. 584; *Eastwood* v. *R. M. Co.*, 86 Hun, 91; *Prescott* v.
*O. L. Co.*, 20 App. Div. 397; *O'Malley* v. *N. Y., L. E. & W.
R. R. Co.*, 67 Hun, 130; 142 N. Y. 665; *U. P. R. R. Co.*
v. *Daniels*, 152 U. S. 684; *Bailey* v. *R., W. & O. R. R. Co.*,
139 N. Y. 305; *Durkin* v. *Sharp*, 88 N. Y. 225.)

*Joseph Fettretch* for respondent. Plaintiff was familiar with
the work in which he was engaged, and with the tools and
appliances used therein, and with the risks attending his
employment, and the use of the wheels and tracks employed
therein, and was properly held to have assumed the said risks.
(*Powers* v. *N. Y., L. E. & W. R. R. Co.*, 98 N. Y. 274;
*Marsh* v. *Chickering*, 101 N. Y. 396; *Shaw* v. *Sheldon*, 103
N. Y. 667; *Appel* v. *B., N. Y. & P. Ry. Co.*, 111 N. Y.
553; *Cregan* v. *Marston*, 126 N. Y. 568; *Crown* v. *Orr*, 140
N. Y. 450; *Kinsley* v. *Pratt*, 148 N. Y. 372; *Schulz* v.
*Rohe*, 149 N. Y. 132; *Huda* v. *A. G. Co.*, 154 N. Y. 474.)
The presumption is that the wheels were perfect when fur-
nished, and the defendant was not bound to inspect them dur-
ing their use, and, therefore, not liable for defects occurring
through use, having the right to rely on the presumption that
those using the wheels would first detect any defect there
might be in them. (*Miller* v. *Erie R. R. Co.*, 21 App. Div.
45.) The track and wheels being in no sense machinery, and
the wheels being clearly "tools," and the use of the wheels on
and over the track requiring no exercise of great care or skill,
and the plaintiff being familiar with, and knowing all about,
the business for nineteen years, had no claim for injuries sus-
tained by the use of the wheel. (*Marsh* v. *Chickering*, 101 N.
Y. 396; *Webber* v. *Piper*, 109 N. Y. 496; *Cregan* v. *Mars-
ton*, 126 N. Y. 568; *Thorn* v. *N. Y. C. I. Co.*, 46 Hun, 497.)
It was the duty of the plaintiff, or his fellow-servants, to look
after these wheels and hooks and see that they were in proper
order, and put them upon the tracks for use in transporting

beef. (*Kimmer* v. *Weber*, 151 N. Y. 417; *N. P. R. R.* v. *Peterson*, 162 U. S. 35; *Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y. 562; *Collins* v. *Crimmins*, 11 Misc. Rep. 24.) The plaintiff failed to show that he himself was free from contributory negligence. (*Jones* v. *Roach*, 9 J. & S. 248; *Freeman* v. *G. F. P. M. Co.*, 70 Hun, 530; 142 N. Y. 639; *Haas* v. *Balch*, 56 Fed. Rep. 984; *Graves* v. *Brewer*, 4 App. Div. 327.) The plaintiff, being an employee, was bound to allege and prove ignorance of the alleged defective appliances. Not having done so, he was properly nonsuited. (*Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y. 562; *Reardon* v. *N. Y. C. C. Co.*, Daily Reg., Oct. 6, 1883; *Buzzell* v. *L. Mfg. Co.*, 48 Me. 113; *Hayden* v. *S. Mfg. Co.*, 29 Conn. 548; *Drummond* v. *A. M. & S. Co.*, 4 McCrary, 244.) The fact that the defendant had not issued any printed rules governing its employees with respect to the work of shoving beef, in which the plaintiff was engaged, is not a circumstance to be considered on this appeal. (*Berrigan* v. *N. Y., L. E. & W. R. R. Co.*, 131 N. Y. 582; *Morgan* v. *H. R. O. & I. Co.*, 133 N. Y. 666.)

LANDON, J. The plaintiff was seriously injured while in the service of the defendant. He was a "beef shover" in its slaughter house. Animals were slaughtered upon the second floor of the building, each carcass being divided into two equal parts, and each part hung upon a hook suspended from an iron wheel, grooved, and movable upon an iron rail or track fixed about thirteen feet above the floor, and then pushed by the shovers, and thus railroaded to the weighing scales, where the weight was ascertained, and then the side of beef was propelled in like manner beyond the scales for about ten feet further, passing over a switch upon a curved track to an elevator, where it was received and transferred to the floor below and placed in a cold storage room. On April 5, 1895, while the plaintiff was engaged in pushing a side of beef from the scales to the elevator, the wheel left the track at the switch, and the wheel and the side of beef suspended on the hook beneath the wheel fell upon him and injured him seriously.

Immediately after the plaintiff was injured the wheel was examined and the flange upon one side of the groove was found to be broken out for about an inch and a half at its rim, and in depth to the base of the groove, the break narrowing from the rim to the bottom of the groove. The fragment of the flange was not found ; the break was rusty and had the appearance of being an old one. The evidence tends to show that the broken flange was the cause of the injury, and that the plaintiff was free from contributory negligence. If there was any question about either proposition, it was one for the jury. The plaintiff was working in the usual manner. The grooved wheel was higher than his head ; he had not observed the broken flange ; its position and his position in doing his work would naturally prevent him from seeing it ; it does not appear to have been observed by any one. He had no warning of danger from his own observation or the suggestion of others. He stood in his proper place in a line of " shovers," and was doing his part of the work in his turn, and if there was any defect in the overhung wheel, he was not responsible for it, and was in nowise advised of it. In this respect the case differs from those in which the servant having the choice of his tools negligently selects a poor one (*Cregan* v. *Marston*, 126 N. Y. 568 ; *Miller* v. *Erie R. R. Co.*, 21 App. Div. 45), or knowing it to be defective negligently continues its use (*Powers* v. *N. Y., L. Erie & W. R. R. Co.*, 98 N. Y. 274), or where he has the choice between a safe method and one he knows to be dangerous, chooses the latter. (*Cahill* v. *Hilton*, 106 N. Y. 512.)

It is probable that the grooved wheel was a safe appliance when new. But the evidence tends to show that there were many wheels of this kind in use ; that when the side of beef suspended from the wheel had finished its journey at the cold storage room upon the floor below, it was removed from the hook, and that the wheel and hook were thrown down upon the concrete floor or into a box upon the floor, and when several wheels were deposited in the box, the box was placed in the elevator and taken back to the slaughter bed. There one man took the wheels from the box and handed them to

another man who stood upon a bench about four feet high, who threw them into a box about on a level with the rails, whence they were placed again upon the rails as needed, by a man who usually stood in such position that his head was about on a level with the box. There were thirty-three of these receiving boxes. There was no uniform method of inspection of the wheels. When work was slack the workmen would be ordered to oil them, but not upon other occasions. One witness testified that if in so doing he discovered a defective wheel he threw it out, although he had received no orders to that effect. The course of the work seems to have been such that a wheel might be broken by hard usage and yet be continued in use without being oiled, and consequently without inspection. Whether such was the fact in this case was a question for the jury.

It was the defendant's duty to furnish to its employees good and suitable appliances and to use reasonable care to keep them so. (*Cone* v. *Del., L. & W. R. R. Co.*, 81 N. Y. 206; *Probst* v. *Delamater*, 100 ib. 266; *Doing* v. *N. Y., Ontario & W. R. Co.*, 151 ib. 579.) Reasonable care involves proper inspection, and negligence in respect of it, in such cases as this, is the negligence of the master, and none the less so when the inspection is committed to a servant. (*Durkin* v. *Sharp*, 88 N. Y. 225; *Bailey* v. *Rome, W. & O. R. R. Co.*, 139 ib. 302; *Hankins* v. *N. Y., L. Erie & W. R. R. Co.*, 142 ib. 416; *Fuller* v. *Jewett*, 80 ib. 46.)

We think the plaintiff was entitled to go to the jury upon the question whether his injury was not due to the defendant's negligence in the proper inspection of the wheel, and thus to the lack of reasonable care on the part of the defendant to keep the appliance in good condition, or to replace it by one that was good and suitable.

The judgment should be reversed and new trial granted, costs to abide the event.

Parker, Ch. J., O'Brien, Haight, Martin and Werner, JJ., concur; Gray, J., dissents.

Judgment reversed, etc.