GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY
COMPANY v. LOUIS BUCH.

Decided November 27, 1901.

**1.—Charge—Specifying Issues—Request—Appeal.**
    Where defendant failed at the trial to request a more specific presentation by the court of the issues in the case, he can not complain on appeal that the charge was not prefaced by a specific enumeration of such issues.

**2.—Same—Use of Word "Bolted."**
    Where plaintiff's injuries were caused by the falling of a brake rod of an engine which, as shown by the evidence, was fastened by a bolt that came out,. the charge was not objectionable in submitting the question of negligence in not having the rod properly "bolted," since the sense in which the word was. thus used must have been properly understood by the jury.

**3.—Same—Negligence—Defective Appliance.**
    See charge with reference to negligence in failing to have a brake rod properly secured, held correct and not subject to objection as assuming negligence,. and as being misleading, uncertain, and calculated to confuse the jury.

**4.—Same—Grouping Facts.**
    The charge may properly require the jury to find whether the evidence. establishes the existence of any specified group of facts which, if true, would in law establish plaintiff's cause of action or defendant's defense, and to instruct that if they find such group of facts to be established by the evidence, to render a verdict accordingly.

**5.—Same—Omissions—Request for Further Charge Necessary.**
    Where the charge given substantially covers the case, defendant must, at the trial, have requested a special charge embodying any further matter of facts of defense not included therein before he can be heard to complain on appeal of such omission.

**6.—Practice on Appeal—Assignment of Error—Statement Necessary.**
    Where there is no statement in the briefs under the propositions made under an assignment of error, such assignment will not be considered.

**7.—Master and Servant—Defective Appliances—Duty of Inspection.**
    The master's failure to make a reasonable inspection of an appliance furnished to the servants is negligence on his part, and none the less so because the duty of inspection was committed by him to another servant.

8.—Same Inspection—Finding Warranted.

Where it is shown that a defect in the appliance existed and was of such a nature that it could have been discovered by proper inspection, the fact that it was not discovered warranted the jury in finding that no such inspection was made.

Appeal from Medina.   Tried below before Hon. I. L. Martin.

*Newton & Ward* and *Baker, Botts, Baker & Lovett,* for appellant.

*Ed De Montel, S. B. Easley, H. C. Carter,* and *Perry J. Lewis,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellee against the appellant to recover damages for personal injuries alleged to have been inflicted by the negligence of the railroad company. The substance of the allegations upon which appellee bases his right to recover will be found in our conclusions of fact.

The appellant answered by a general denial, and plead specially that the engine and its equipments, through the defects of which appellee alleged he was injured, were manufactured in the most skillful manner and out of the best materials, and that on the day previous to the alleged accident appellant had the engine and its brake rod carefully inspected by a competent inspector, who upon inspection found them to be in a proper and first class condition, and that if there was any defect in the brake rod or its attachments, such defect was latent and could not have been discovered by the exercise of ordinary care on the part of appellant. The case was tried before a jury, who returned a verdict in favor of appellee for $12,000, upon which the judgment was entered from which this appeal is prosecuted.

*Conclusions of Fact.*—On the 26th day of April, 1900, while appellee was in the employment of appellant in the capacity of a fireman on the rear locomotive of a train drawn by two engines, the brake rod under the tank of the locomotive in front, on account of its not being securely and properly fastened, fell on the roadbed, came in contact with rocks thereon, and threw them in every direction, whereby several of them thrown by the brake rod struck appellee while he was standing at his post of duty on the engine, seriously and permanently injuring him, from which he suffered and still suffers great mental and physical pain. The cause of the brake rod's falling was through the negligence of appellant in not having it properly bolted so as to hold it in place. The defect in the fastening or bolting of the brake rod which caused it to fall was not latent, but could have been discovered by appellant by the uses of ordinary care in having the engine and its appliances properly inspected. Such care the appellant, or its servant charged with such duty, negligently failed to exercise.

*Conclusions of Law.*—1.  The distinctive issues made by the pleadings and evidence were sufficiently submitted by the general charge of the court and the special instructions given at appellant's request, and were by this manner of submission as well comprehended and understood by the jury as they would have been had the court prefaced the charge by enumerating such issues. Railway v. Hitzfelder, 24 Texas Civ. App., 318.  If the appellant desired a more specific presentation of the issues made by the pleadings and raised by the evidence, it should have asked a special charge presenting such issues in that manner.  Having failed to do so and taken its chances of a verdict upon a charge presenting the law applicable to the issues of fact raised by the pleadings and evidence, it can not now complain that the charge was not prefaced by a special enumeration of such issues.

2.  A part of paragraph 3 of the court's general charge is as follows:  "And you further believe from the evidence that said brake rod was not properly bolted so as to hold it in place, and by reason of it being so improperly bolted, if you find it was so improperly bolted, the brake rod became disconnected and fell to the roadbed, if you find it did, and you further find that the defendant was negligent in having the brake rod bolted, if you find it was bolted, and that such negligence, if any, directly caused injuries to the plaintiff as alleged in his petition, and you further find that plaintiff did not assume the risk, then your verdict should be for the plaintiff."  By the second assignment it is urged that this portion of the charge is erroneous, in (1) that there is no evidence that it was necessary and proper that the brake rod should be bolted; (2) that it assumes it was negligence on the part of appellant not having the brake rod secured by bolts; (3) that it affirmatively groups and presents the facts or issues relied upon by appellee for recovery, and does not affirmatively present to the jury the issues of law and fact relied upon by the appellant, and (4) it is misleading, uncertain, and calculated to confuse the jury, and not the law of the case.

Before considering these objections in their order, we will remark that ordinarily it is only necessary to prove the substance of an issue.  In this case its substance was the falling of the brake rod by reason of the negligence of appellant in not keeping it securely fastened in its place.  The device by which it is fastened is a secondary matter, and except for the purpose of showing that it was defective, ordinarily need not be proven.  But assuming that, as appellee alleged that appellant's negligence consisted in "failing to have said brake rod properly keyed and bolted," it was necessary for him to prove such allegation, it would seem that under the evidence and pleadings the court properly submitted the issue.  The noun *"bolt,"* in the sense it is used in the evidence, means:  "A short pin, of iron or other material, used to fasten or hold something in its place; often having a head at one end and a screw or thread cut upon the other end."  Webster's Int. Dic.  This word is in appellee's pleadings and the charge of the court verbalized, or converted into a verb which means "fastened or held in place by a bolt."

And when the jury were instructed that if they "believed from the evidence that said brake rod was not properly *bolted*," etc., they would have understood the word "bolted" in no other sense than as above stated.

Now, as to appellee's first objection to the charge: It can not be contended that it was not necessary or proper that the brake rod should be fastened or held in its place by some means so as not to loosen and fall upon the roadbed, thereby endangering appellant's employes operating its train. If the means adopted by appellant of fastening it was with a bolt, then appellant should have used ordinary diligence to keep it properly bolted. That this was the means adopted by appellant to fasten and hold the brake rod in its place was shown, we think, by a preponderance of testimony. At least there was evidence strongly tending to show that this was the means adopted. The appellee testified: "The brake rod is held in place by a *bolt.*" James White, one of the engineers on the train and a witness for appellant, in testifying as to the accident, said: "It [meaning the brake rod] came down at the back end by a *bolt* coming out. * * * We did not find the *bolt.*" Mr. Fuller, appellant's witness, the duties of whose employment required him to look after repairs on engines, tenders, etc., testified: "The brake lever connects with the top rod, and is fastened with a key *bolt* which is two inches long and three-fourths of an inch thick. * * * It is not impossible for the brake rod to come out. The *bolt* might break." In fact there is no evidence to show that the brake rod was fastened in any other way than by a *bolt.* Therefore, there being evidence strongly tending to show that appellant used a *bolt* as a means of fastening and holding the brake rod in its place, the court did not err in submitting to the jury the question whether or not the brake rod was properly bolted.

As to the second objection, the portion of the charge quoted does not assume that appellant was negligent in not having the brake rod secured by bolts. It leaves it for the jury to determine whether defendant was negligent in having the brake rod bolted as it was.

As to the third objection interposed, we will say that, as we understand the law, it is proper for a court in giving a charge to require the jury to find whether the evidence establishes the existence of any specified group of facts which, if true, would in law establish plaintiff's cause of action, and to instruct the jury that if they found such group of facts to be established by the evidence, to find in plaintiff's favor. The same principle applies to a charge grouping the facts which, if true, would in law establish a defense to the action. Railway v. McGlamory, 89 Texas, 639, 35 S. W. Rep., 1058; Railway v. Shieder, 88 Texas, 152; Railway v. Cassidy, 92 Texas, 525, 50 S. W. Rep., 125; Railway v. White, 23 Texas Civ. App., 280. We think that the special charge given at appellant's instance grouped the facts which, if true, would in law establish its defense. If it did not and omitted from the group any essential fact, it was appellant's fault, and it can not complain, for it was incumbent upon it to ask a special charge on any issue of fact which the court

may have omitted in its main charge that it deemed essential to its defense.

The charge is not obnoxious to the fourth objection.

3. The fourth paragraph of the court's charge is as follows: "Even if you should find that the brake rod was improperly bolted, and that it fell and injured the plaintiff as alleged in his petition, still, if any defect which caused it to fall was latent, and could not have been discovered by the defendant by the use of ordinary care, then your verdict should be for the defendant. Or, if you find that the plaintiff was not injured as claimed by him, then you will find for defendant." We can not see anything in this that the appellant can complain of. It is certainly good law in so far as it presents matters which, if found, would defeat the plaintiff's action. It, in connection with the special charge given at appellant's request, seems to us to present fully and fairly every matter of defense plead and any evidence tending to establish it. If it did not, it was incumbent upon appellant, as we have before stated, to ask a special charge embodying any matter of fact of defense that was not included.

4. The fifth paragraph of the charge, after instructing the jury that in the event they should find for plaintiff they should award him such damages as they believe from the evidence would compensate him for the injuries, if any, which he has sustained, then informs the jury that in estimating the amount of damages, if any, they may take into consideration certain well recognized elements of damages,—specifying such elements as they may consider. There is, however, no statement under any of the several propositions made by appellant under this assignment. Therefore none of them is, under the rules prescribed by the Supreme Court for briefing cases, entitled to consideration.

5. The remaining assignments of error complain of the insufficiency of the evidence to sustain the verdict of the jury. Our conclusions of fact were found after reading and fully considering all of the evidence embodied in the statement of facts, and we believe that each of them is fully established by a preponderance of the testimony. The master personally owes to his servants the duty of using ordinary care and diligence to provide for them a reasonably safe place to work, and sound and suitable appliances and materials with which to work, and is bound to inspect and examine these things from time to time and use ordinary care to discover and repair the defects in them. Shearm. & Redf. on Neg., sec. 194. Reasonable care involves proper inspection, and negligence in respect to it in such cases as this is the negligence of the master, and none the less so when the inspection is committed to a servant. Byrne v. Eastmans Co., 163 N. Y., 461, 57 N. E. Rep., 738; Hawkins v. Railway, 142 N. Y., 416, 25 Law. Rep. Ann., 396, 37 N. E. Rep., 466.

The defect in the fastening of the brake rod was clearly established; it is not controverted that it was the proximate cause of appellee's injuries. That his injuries were serious and permanent, causing great physical pain and mental suffering, is clearly shown. The question as

to whether appellant's servant to whom was delegated the duty of inspecting the engines and appliances made the proper inspection, was one of fact for the determination of the jury. The appellant's own testimony as to the character of inspection given the engine and appliances before the occurrence of the injury can not be said to be such as would not warrant a jury in finding that it was not negligence. That the defect existed is uncontroverted. It was of such a nature that it could have been discovered by a proper inspection. That it was not discovered, when the character of inspection is considered, was sufficient to warrant the jury in finding that it was not made.

6. The verdict is not excessive.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Writ of error refused.