FRED H. DITTMAN, Respondent, *v.* EDISON ELECTRIC ILLUMINATING COMPANY, Appellant.

*Negligence — expert testimony as to what a reasonable inspection would disclose — delegation of the power of inspection — an injury, not the immediate and necessary result of the injury complained of, must be pleaded.*

In an action brought to recover damages for personal injuries sustained by the plaintiff while employed in the defendant's power house, in consequence of a piece of an alleged defective belt used in operating a dynamo flying from the belt and striking the plaintiff in the right eye, destroying the sight thereof, a piece of the belt in question, showing the fracture, was introduced in evidence by the plaintiff. A witness, called by him, was then asked in regard to the piece of belt referred to, "would you say that the condition of that belt was such that a reasonable inspection of it by a competent person ought to have disclosed the fact that the belt was unsafe ?"

*Held,* that it was improper for the court, over the defendant's objection, to allow the witness to answer the question;

That it was within the power of the witness to describe the condition of the belt and the way in which such condition manifested itself, but that the question whether a reasonable inspection of the belt by a competent person would have disclosed the fact that it was unsafe was a matter to be determined by the jury and not by the witness;

That while the facts were not of common knowledge the conclusion to be drawn therefrom was, and that the expert testimony should have been confined to the former;

That, in the absence of evidence that injury to the plaintiff's left eye was the immediate and necessary result of the injury to his right eye, the plaintiff was not entitled to recover any damages for injury to his left eye without a special averment of that item of damages in his complaint.

*Quære*, whether the defendant would be liable, if it appeared that it had delegated the duty of inspecting the belt to one of its employees and such employee had discharged the duty intrusted to him, but had failed to discover a defect in the belt, which he could have discovered had he exercised greater care.

APPEAL by the defendant, the Edison Electric Illuminating Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 20th day of January, 1903, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the 19th day of January, 1903, denying the defendant's motion for a new trial made upon the minutes.

*H. Snowden Marshall*, for the appellant.

*William G. Cooke*, for the respondent.

HIRSCHBERG, J. :

The plaintiff was injured while working in the defendant's employ in its power house on East Eightieth street in the borough of Manhattan. The complaint alleges that the injury was occasioned by the bursting of an old and unsafe belt which was used in operating one of the dynamos, and the extent of the injury inflicted is limited to the statement that when the belt broke " a piece thereof flew off and struck plaintiff in the right eye, destroying the sight thereof."

The plaintiff testified that a triangular piece of the broken belt was lying upon the floor immediately after the accident. He returned to work for the defendant a few weeks thereafter, and claims to have then found in the shaft room a belt which he identified as the one which had broken and which exhibited a corresponding triangular fracture. A piece of this belt showing the fracture was introduced by him in evidence, and some proof was given tending to show that it was rotten and unsafe, and that its defective condition was discoverable upon reasonable inspection. There was no proof as to the length of time the belt had been in use. There was proof of daily inspection, and no proof that it had not been properly performed except what may be inferred from the accident itself. The case was submitted to the jury upon the theory that the duty of inspection devolved upon the defendant as the plaintiff's master, and that while that duty might from necessity and for

convenience be intrusted to an employee, the defendant would, nevertheless, be liable to the plaintiff for any negligence of such employee in its performance.

The authorities are not harmonious. The general rule is undoubted that the absolute duties of the master cannot be so delegated as to relieve him from the consequences of a failure to discharge them. Such duties can only be discharged by performance. One of them enjoins the exercise of reasonable care to keep the appliances furnished to employees in good and suitable condition. In *Bailey* v. *Rome, W. & O. R. R. Co.* (139 N. Y. 302) it was held that the adoption of a rule requiring inspection does not relieve a company from liability, but that it is liable for injuries to an employee caused by a negligent omission of subordinates, who are required by the company's rules to make due inspection, to perform that duty. (See, also, *Corcoran* v. *Holbrook,* 59 N. Y. 517.) In *Byrne* v. *Eastmans Co. of N. Y.* (163 N. Y. 461, 465) the court said, "reasonable care involves proper inspection, and negligence in respect of it, in such cases as this, is the negligence of the master, and none the less so *when the inspection is committed to a servant.* (*Durkin* v. *Sharp,* 88 N. Y. 225; *Bailey* v. *Rome, W. & O. R. R. Co.,* 139 ib. 302; *Hankins* v. *N. Y., L. Erie & W. R. R. Co.,* 142 ib. 416; *Fuller* v. *Jewett,* 80 ib. 46.)" This is cited with apparent approval in *McGuire* v. *Bell Telephone Co.* (167 N. Y. 208, 212), with the qualification that "the application of this rule may depend on the nature of the work and the manner of its conduct."

It was, however, held in *Malone* v. *Hathaway* (64 N. Y. 5) that the defendant was not liable for the negligence of a carpenter who was employed by him to examine and keep a building in repair, but who negligently omitted to discharge that duty. See to the same general effect *Cregan* v. *Marston* (126 N. Y. 568), and *Schulz* v. *Rohe* (149 id. 132). These cases may be distinguished from those previously cited in the facts upon which they rest, and the apparent want of harmony will probably be found to result from the difficulty of applying general principles to different and conflicting conditions. In none of the cases cited has it been held that where inspection of so common an appliance as a leather belt has been provided for by the master, and the duty of inspection is actually discharged by the

servant to whom it is intrusted, the master is liable for the failure of the servant to discover a defect which might have been discovered had the inspection been performed with greater care. The defect complained of was the natural result of daily use, and it would seem that if proper inspection was provided for and new belts furnished to take the place of those which might be worn out, some proof should be required beyond the mere fact of failure to discover the defective condition in order to impose liability upon the master.

As there must be a new trial in this case, and the facts may then be more clearly and precisely developed, and as much depends upon the facts with respect to the inspection and the general conduct of the work, a decision of this question need not now be made. There must be a new trial, because incompetent evidence was received for the purpose of establishing an inadequate or careless inspection by the employee of the defendant to whom the duty of inspection was assigned. A witness on plaintiff's behalf was asked, under proper objection and exception, the question in reference to the triangular piece of belt referred to, " referring to Ex. No. 1, would you say that the condition of that belt was such that a reasonable inspection of it by a competent person ought to have disclosed the fact that the belt was unsafe?" The witness answered in the affirmative. This evidence was of the same character as that which the Court of Appeals condemned in *Dougherty* v. *Milliken* (163 N. Y. 527.) It not only tended to prove that the condition of the belt could have been discovered, in the opinion of the witness, by reasonable inspection, but also that, in the opinion of the witness, the belt was unsafe. It was within the power of the witness to give the descriptive facts from which the jury could draw the proper conclusions, but he was not competent to give such conclusions as expert evidence. If the belt was rotten, its condition, if discoverable, would necessarily be manifested in some way, and the manifestations of that condition could, therefore, be readily described by the witness so that the jury could determine the degree of care which would be required in their detection. On a disclosure of the facts it needed no expert knowledge to determine what would be a reasonable inspection; what such inspection would disclose, or if it disclosed the fact that the belt was worn out and rotten, that it was an unsafe appliance to use in the operation of machinery. In other words, while the facts

were not of common knowledge, the conclusions to be drawn from them were, and, therefore, the expert evidence should have been confined to the former, the case coming within the first class of cases. referred to in· *Dougherty* v. *Milliken* (*supra*), and not the second class, in which special skill is required in order to draw the conclusion as well as to learn the facts.

It was also error to allow proof of the injury, actual and apprehended, to the sight of the plaintiff's left eye. The damages recoverable in this class of cases are for the usual and natural consequences of the accident and for such special injuries as are alleged in the complaint or which immediately and necessarily result from those so alleged. (*Sealey* v. *Metropolitan Street R. Co.*, 78 App. Div. 530, and cases cited.) There was no evidence in this case that the injury to the left eye was the immediate and necessary result of the injury to the right eye, and it could not accordingly be made the basis of a claim for damage without a special averment.

The judgment and order should be reversed.

BARTLETT, WOODWARD, JENKS and HOOKER, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.