## DITTMAN v. EDISON ELECTRIC ILLUMINATING CO.

(Supreme Court, Appellate Division, Second Department. October 9, 1903.)

1. TESTIMONY—OPINION OF WITNESS—PROVINCE OF JURY.

　　A witness in an action by a servant for injuries sustained by the bursting of a belt cannot give as his opinion, based on the condition of the belt, that a reasonable inspection of it by a competent person would have disclosed the fact that the belt was unsafe.

2. INJURY TO EMPLOYÉ—COMPLAINT—PROOF.

　　Under a complaint alleging that plaintiff was struck in the right eye, destroying the sight thereof, proof of injury to the left eye was inadmissible, in the absence of evidence that the injury to the left eye was the immediate and necessary result of the injury to the right one.

Appeal from Trial Term, Kings County.

Action by Fred H. Dittman against the Edison Electric Illuminating Company. From a judgment for plaintiff, and from an order denying a motion for a new trial made upon the minutes, defendant appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

H. Snowden Marshall, for appellant.
William G. Cooke, for respondent.

HIRSCHBERG, J. The plaintiff was injured while working in the defendant's employ in its power house on East Eightieth street in the borough of Manhattan. The complaint alleges that the injury was occasioned by the bursting of an old and unsafe belt, which was used in operating one of the dynamos, and the extent of the injury inflicted is limited to the statement that when the belt broke "a piece thereof flew off, and struck plaintiff in the right eye, destroying the sight thereof." The plaintiff testified that a triangular piece of the broken belt was lying upon the floor immediately after the accident. He returned to work for the defendant a few weeks thereafter, and claims to have then found in the shaft room a belt which he identified as the one which had broken, and which exhibited a corresponding triangular

fracture. A piece of this belt showing the fracture was introduced by him in evidence, and some proof was given tending to show that it was rotten and unsafe, and that its defective condition was discoverable upon reasonable inspection. There was no proof as to the length of time the belt had been in use. There was proof of daily inspection, and no proof that it had not been properly performed, except what may be inferred from the accident itself. The case was submitted to the jury upon the theory that the duty of inspection devolved upon the defendant, as the plaintiff's master, and that while that duty might, from necessity and for convenience, be entrusted to an employé, the defendant would nevertheless be liable to the plaintiff for any negligence of such employé in its performance.

The authorities are not harmonious. The general rule is undoubted that the absolute duties of the master cannot be so delegated as to relieve him from the consequences of a failure to discharge them. Such duties can only be discharged by performance. One of them enjoins the exercise of reasonable care to keep the appliances furnished to employés in good and suitable condition. In Bailey v. R. W. & O. R. R. Co., 139 N. Y. 302, 34 N. E. 918, it was held that the adoption of a rule requiring inspection does not relieve a company from liability, but that it is liable for injuries to an employé caused by a negligent omission of subordinates, who are required by the company's rules to make due inspection, to perform that duty. See, also, Corcoran v. Holbrook, 59 N. Y. 517, 17 Am. Rep. 369. In Byrne v. Eastmans Co. of N. Y., 163 N. Y. 461, 465, 57 N. E. 738, 739, the court said: "Reasonable care involves proper inspection, and negligence in respect of it, in such cases as this, is the negligence of the master, and none the less so when the inspection is committed to a servant. Durkin v. Sharp, 88 N. Y. 225; Bailey v. Rome, W. & O. R. R. Co., 139 N. Y. 302, 34 N. E. 918; Hankins v. N. Y., L. Erie & W. R. R. Co., 142 N. Y. 416, 37 N. E. 466, 25 L. R. A. 396, 40 Am. St. Rep. 616; Fuller v. Jewett, 80 N. Y. 46 [36 Am. Rep. 575]." This is cited with apparent approval in McGuire v. Bell Telephone Co., 167 N. Y. 208, 212, 60 N. E. 433, 52 L. R. A. 437, with the qualification that "the application of the rule may depend upon the nature of the work and the manner of its conduct." It was, however, held in Malone v. Hathaway, 64 N. Y. 5, 21 Am. Rep. 573, that the defendant was not liable for the negligence of a carpenter who was employed by him to examine and keep a building in repair, but who negligently omitted to discharge that duty. See, to the same general effect, Cregan v. Marston, 126 N. Y. 568, 27 N. E. 952, 22 Am. St. Rep. 854, and Schulz v. Rohe, 149 N. Y. 132, 43 N. E. 420. These cases may be distinguished from those previously cited in the facts upon which they rest, and the apparent want of harmony will probably be found to result from the difficulty of applying general principles to different and conflicting conditions. In none of the cases cited has it been held that, where inspection of so common an appliance as a leather belt has been provided for by the master, and the duty of inspection is actually discharged by the servant to whom it is intrusted, the master is liable for the failure of the servant to discover a defect which might have been discovered had the inspection been performed with greater

care. The defect complained of was the natural result of daily use, and it would seem that, if proper inspection was provided for, and new belts furnished to take the place of those which might be worn out, some proof should be required beyond the mere fact of failure to discover the defective condition in order to impose liability upon the master.

As there must be a new trial in this case, and the facts may then be more clearly and precisely developed, and as much depends upon the facts with respect to the inspection and the general conduct of the work, a decision of this question need not now be made. There must be a new trial because incompetent evidence was received for the purpose of establishing an inadequate or careless inspection by the employé of the defendant to whom the duty of inspection was assigned. A witness on plaintiff's behalf was asked, under proper objection and exception, the question, in reference to the triangular piece of belt referred to: "Referring to Exhibit No. 1, would you say that the condition of that belt was such that a reasonable inspection of it by a competent person ought to have disclosed the fact that the belt was unsafe?" The witness answered in the affirmative. This evidence was of the same character as that which the Court of Appeals condemned in Dougherty v. Milliken, 163 N. Y. 527, 57 N. E. 757, 79 Am. St. Rep. 608. It not only tended to prove that the condition of the belt could have been discovered, in the opinion of the witness, by reasonable inspection, but also that, in the opinion of the witness, the belt was unsafe. It was within the power of the witness to give the descriptive facts from which the jury could draw the proper conclusions, but he was not competent to give such conclusions as expert evidence. If the belt was rotten, its condition, if discoverable, would necessarily be manifested in some way; and the manifestations of that condition could, therefore, be readily described by the witness, so that the jury could determine the degree of care which would be required in their detection. On a disclosure of the facts it needed no expert knowledge to determine what would be a reasonable inspection, what such inspection would disclose, or, if it disclosed the fact that the belt was worn out and rotten, that it was an unsafe appliance to use in the operation of machinery. In other words, while the facts were not of common knowledge, the conclusions to be drawn from them were, and therefore the expert evidence should have been confined to the former; the case coming within the first class of cases referred to in Dougherty v. Milliken, supra, and not the second class, in which special skill is required in order to draw the conclusion as well as to learn the facts.

It was also error to allow proof of the injury, actual and apprehended, to the sight of the plaintiff's left eye. The damages recoverable in this class of cases are for the usual and natural consequences of the accident and for such special injuries as are alleged in the complaint, or which immediately and necessarily result from those so alleged. Sealey v. Metropolitan Street R. Co., 78 App. Div. 530, 79 N. Y. Supp. 677, and cases cited. There was no evidence in this case that the injury to the left eye was the immediate and necessary

result of the injury to the right eye, and it could not, accordingly, be made the basis of a claim for damage without a special averment. The judgment and order should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.