JOHN REDINGTON, as Administrator, etc., of MICHAEL E. REDINGTON, Deceased, Respondent, *v.* THE NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant.

| 84 | 231 |
|---|---|
| 88 | 270 |
| 84 | 231 |
| 152a | 655 |
| 84 | 231 |
| 27ap307 | |

*Negligence — questions for the jury—failure of a railroad company to promulgate rules — duty in respect to the safety of its servants — what acts are those of the railroad and not of its employees.*

Upon the trial of an action brought by the administrator of a brakeman in the service of a railroad company whose duty it was to couple certain cars, to recover damages resulting from the death of the plaintiff's intestate by reason of the alleged negligence of the defendant, a question of fact is presented in the absence of any rules prescribed by the company for the government of its yard, for the storage of cars and the making up of trains, for the jury to determine whether the cars required to be coupled by the deceased were so loaded that the place of coupling was rendered an unsafe place for him to work in, and whether such condition was the result of the negligence of the defendant in not furnishing suitable cars for the transportation of the merchandise in the cars attempted to be coupled by such brakeman.

The duty of a master to furnish to his servants reasonably safe, proper and adequate machinery and other appliances for their work cannot be evaded by a delegation of that duty to another.

If the loading of long iron rails upon short railroad cars renders the coupling of such cars more hazardous than that duty would otherwise be, and if, by reason thereof, the place of coupling cars is made unsafe so that it increases the ordinary danger of coupling the same, and if, by reason of such increased danger, a brakeman in the employ of the railroad company operating such cars suffers personal injury, it seems to follow that the employer has failed in its duty, and is liable for the damages sustained, unless the employee was guilty of contributory negligence.

In the absence of the promulgation of any rules for the government of the yard of a railroad company, the suffering of a flat car upon which iron is loaded, to stand upon a track which is to some extent an inclined plane, without having the brakes on so as to prevent its moving by its own weight, is an omission of the master and not of its servants.

APPEAL by the defendant, The New York, Ontario and Western Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Sullivan on the 26th day of June, 1894, upon the verdict of a jury rendered after a trial at the Sullivan Circuit, and also from an order entered in said clerk's office on the 31st day of May, 1894, denying the defendant's motion for a new trial made upon the minutes.

*George H. Carpenter,* for the appellant.

*T. F. Bush,* for the respondent.

MAYHAM, P. J. :

Michael E. Redington, the plaintiff's intestate, while engaged as an employee of the defendant, in coupling cars in the defendant's railroad yard at Livingston Manor, was crushed between two cars and killed, and this action was brought by his personal representative under the statute to recover damages for such loss of life. The theory of the action is that the defendant was guilty of negligence in causing to be loaded on one of the defendant's cars, railroad iron, consisting of iron or steel rails which were two feet longer than the car, so that the rail projected more than a foot over each end of the car, and beyond the deadwood or bumpers, thus rendering the deadwood or bumpers little or no protection to persons required to couple such car with others on the train.

There was proof on the trial tending to uphold this theory.

The defendant attempted to meet this theory of the plaintiff by proof that the accident occurred in the day time ; that the condition of the car and its loading were plainly to be seen ; that the business of coupling cars is dangerous, and the danger is one of the incidents of the employment ; that the evidence tended to show that the car loaded with iron stood on a track with a descending grade towards the gondola car to which the intestate was required to couple it, and that it was not secured, from moving down the grade by its own gravity, by brakes, and that suffering it to stand in that condition on the track without brakes down, or other fastening, was the negligence of a co-employee for which the defendant is not responsible.

All of these questions, as they were presented by the evidence, were questions of fact proper for the consideration of the jury, and were fairly submitted by the learned trial judge. In the absence of any rules prescribed by, the defendant for the government of the yard, for the storage of cars and the making up of trains, it was the duty of the brakeman who was subject to the order of the conductor to couple these cars, and it was a question of fact for the jury to determine under the evidence whether the car was so loaded that it was rendered an unsafe place for the deceased to work, and whether

such condition was the result of the negligence of the defendant in not furnishing suitable cars for the transportation of such rails.

The platform car on which they were loaded was shown by the proof to be only twenty-eight feet long, while the rails which were loaded upon it were thirty feet long, so that the car could not be loaded with this rail without their extending beyond the body of the car two feet; that extension seemed to have been substantially divided between the ends of the car so that there was an extension of one foot on either end beyond the body or frame of the car. The court properly submitted the question to the jury to say whether that extension rendered the car an unsafe or dangerous utensil to be used by the intestate, who was the defendant's employee, and whether the extension of the rails beyond the car frame produced the injury to the plaintiff's intestate.

The legal principles involved in this class of actions have been so frequently and recently discussed that an extended examination of them in this case seems unnecessary.

In *Bushby* v. *The N. Y., Lake Erie & W. R. R. Co.* (107 N. Y. 374) it was held that the duty of the master to his servant to furnish reasonably safe, proper and adequate machinery and other appliance for his work, cannot be evaded by a delegation of that duty to another. If, therefore, the loading of these long rails upon a short car rendered the coupling more hazardous than that duty would otherwise be, and the place of coupling the cars was, therefore, made unsafe, so that it increased ordinary danger of coupling cars, and by reason of that increased danger the intestate suffered the injury complained of, it would seem to follow that the defendant had failed in its duty to the employee, and would be liable unless the employee was guilty of contributory negligence himself.

We think within the case above cited that it was the duty of the defendant to furnish a car for the transportation of railroad iron suitable for the purpose for which it was to be used, and that the loading of this iron on a short car was the act of the defendant and not of a fellow-servant of the deceased, and, in the absence of the promulgation of any rules for the government of the defendant's yard, the suffering of the flat car on which this iron was loaded to stand upon a track which was to some extent an inclined plane,

without having on the brakes, so as to prevent its moving by its own weight, was an omission of the master and not of a fellow-servant. The company does not appear at this station to have any rule as to the inspection of trains or cars. The duty, therefore, of furnishing safe cars, tracks and trains inhered in the company, as no person at that yard was charged with that special duty. In *Abel* v. *The Pres., etc., of the D. & II. C. Co.* (103 N. Y. 581) the court say : "The law imposes upon a railroad company the duty to its employees of diligence and care, not only to furnish proper and reasonably safe appliances and machinery, and skilled and careful co-employees, but also to make and promulgate rules which, if faithfully observed, will give reasonable protection to the employees."

We think all the questions relating to the alleged negligence of the defendant, in not furnishing a reasonably safe place and appliance for the performance of its work, and as to whether or not the deceased was negligent in obeying the orders of the conductor, in attempting to couple these cars, and as to whether he knew of the liability of the car loaded with iron to move down upon him by reason of the brakes not being set, were questions of fact for the jury and were properly submitted to them by the trial judge.

Nor do we see any error in the rulings of the judge for which this judgment can be reversed.

Putnam and Herrick, JJ., concurred.

Judgment affirmed, with costs.