of the value of $7,000 on April 3, 1899, what was the fair market value of that land and property without the easement appurtenant thereto? To this rule of damages the defendant constantly objected, and insisted that the rule above cited was the proper one to be applied; and to that end he offered to show the value of the hotel property at the time it was conveyed to the plaintiff with the right to use the spring annexed, and also what was its value without the right to use the spring annexed, thus giving the elements from which the value of the whole premises conveyed and of that part to which the title had failed could be ascertained. With these two facts before the court, the rule of damages above cited could be applied; without them, it could not be applied. The court, however, excluded all proof of these facts, and for these errors, in my opinion, the judgment and order appealed from must be reversed.

Judgment and order affirmed on the facts and reversed on the law, and new trial granted, with costs to appellant to abide the writ. All concur.

---

(96 App. Div. 81.)

NEWTON v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. MASTER AND SERVANT—SAFE APPLIANCES—DUTY OF INSPECTION.

The duty of a railroad company to use reasonable care to protect its employés from injury while engaged on its trains embraces an obligation to use reasonable care in furnishing suitable machinery, keeping it in repair, and inspecting it to discover defects.

2. SAME—DELEGATION TO SERVANT.

Failure of a master to exercise reasonable care in inspecting its appliances is negligence, though the inspection is committed to a servant.

3. SAME—INSPECTION OF CARS—DUTY OF BRAKEMAN—CONTRIBUTORY NEGLIGENCE.

Where a railroad company inspects cars at a division terminus by specially designated servants, a rule requiring the brakemen to inspect the train does not impose the duty of inspection on the brakemen equally with the car inspectors, or constitute them fellow servants, and a failure to discover defects which might constitute negligence in the car inspectors does not necessarily establish contributory negligence on the part of the brakemen.

4. SAME—INJURIES TO BRAKEMAN—EVIDENCE—QUESTION FOR JURY.

In an action against a railroad company for personal injuries to a brakeman, caused by the bursting of an air hose, stopping the train, so that a train following it ran into it, evidence considered, and held to justify submission to the jury of the issue of defendant's negligence.

Houghton, J., dissenting.

Appeal from Trial Term, Madison County.

Action by Ernest Newton against the New York Central & Hudson River Railroad Company. From a judgment for defendant, and an order denying a motion for a new trial, plaintiff appeals. Affirmed.

The plaintiff, a brakeman in the employ of the defendant, was injured on the 8th day of May, 1900. He was on a freight train, going south on the Hudson River division of the West Shore Railroad, about 30 or 40 miles south of Ravena. He was the rear brakeman, and his principal duty was to pro-

tect by flagging the rear end of the train whenever stops were made. When the train was in motion he rode in the caboose. Another freight train was proceeding south, only a short distance behind the train on which the plaintiff was employed. The distance between the two trains as they proceeded south varied from a few car lengths to half a mile. The train on which the plaintiff was employed was very heavy, and a short time before the accident the engine on the rear train "nosed into" the first train and assisted it at a place in the road where there was an upgrade. The train on which plaintiff was employed then went on a short distance ahead of the rear train, but as they came to another upgrade the rear train again approached the first train for the purpose of assisting it as before. Both the trains were running from 6 to 12 miles an hour. The plaintiff was in the cupola of the caboose, and just before the engine of the rear train reached the caboose, or immediately thereafter, one piece of the air hose connecting cars that were about 12 cars' distance ahead of the caboose suddenly burst, and the first train came immediately to a standstill, resulting in the plaintiff falling from the cupola to the floor. The engine of the rear train smashed the caboose, and the plaintiff received the injuries for which this action is brought.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Hiscock, Doheny, Williams & Cowie (A. W. Cowie, of counsel), for appellant.

Jones, Townsend & Rudd (E. H. Wells and Thomas S. Jones, of counsel), for respondent.

CHASE, J. The duty of a railroad company to use reasonable care to protect its employés from injury while engaged upon its trains embraces the obligation to use reasonable care in furnishing suitable machinery in the first instance, and to keep it in repair so that their lives may not be exposed to unnecessary peril. The duty of proper inspection for the purpose of discovering defects which may arise from use is a part of the duty owing by the company to its servants. Bailey v. R., W. & O. R. R. Co., 139 N. Y. 302, 34 N. E. 918; Bailey v. D. & H. Canal Co., 27 App. Div. 305, 50 N. Y. Supp. 87.

Reasonable care involves proper inspection, and negligence in respect of it in such cases as this is the negligence of the master; and none the less so when the inspection is committed to a servant. McGuire v. Bell Telephone Co., 167 N. Y. 208, 60 N. E. 433, 52 L. R. A. 437.

Inspection to discover whether an appliance is defective is as much a part of the work of furnishing safe appliances as reparation after the defect is discovered. Eaton v. N. Y. C. & H. R. R. Co., 163 N. Y. 391, 57 N. E. 609, 79 Am. St. Rep. 600.

Where a railroad company has assumed to inspect cars at a terminus of a division of its road by servants especially designated for that purpose, a rule of the company requiring brakemen to "look over the train carefully before starting, and know that all couplings, brakes, and running gear are in good order," and "inspect the train as often as possible during the trip," does not impose the duty of inspection upon the brakemen equally with the car inspectors, and constitute them fellow servants, within the rule exempting the master from liability for the negligence of the co-servant; and a fail-

ure to discover defects which might constitute negligence in a car inspector does not necessarily establish contributory negligence on the part of a brakeman, but the question is one for the jury.   Eaton v. N. Y. C. & H. R. R. Co., supra.

The system of inspection adopted by the defendant at Ravena, so far as it related to the air hose, included a test by the engineer of the train, which was made by putting the air pressure on the pipes and hose, and "lapping the valve," which would show to the engineer whether the pipes or hose were leaking.   The system of inspection so adopted by the defendant also included personal examination of the cars and appliances by car inspectors especially designated for the purpose.   This duty is described by the foreman of such inspectors at Ravena as follows:

"I walked over the train on each side, and examined the cars to see what condition they were in. We examined them with our eyes—looked. I didn't feel every different article, to see if it was all right. We looked, and our examination was an examination of everything. We examined hose by looking at them, but not by feeling of them, unless they were in bad condition. I mean by that some difficulty that appeared by looking at them, and some leak."

Notwithstanding the engineer testified that he made the test from the engine while at Ravena, and did not discover a leak in the air hose, the plaintiff testifies that after he had performed other duties described by him he heard air escaping on the car ahead of the caboose, and put in a new gasket to prevent the leak; that he then heard air escaping from the second car from the caboose, and put in a new air hose there, where he found one broken, and that the train started thereafter before he could get back to the caboose. There is no evidence that plaintiff had any special knowledge of air hose, or that he had ever received any instructions from the defendant, or any person, in regard thereto.   It does not appear that the plaintiff had any time or opportunity to look over the train further than he did examine and look it over, or that he would have known that the hose was defective if he had seen it before the accident. It is conceded that if the air hose that burst was not in such a condition when at Ravena as to indicate to a prudent and competent inspector that it was not reasonably safe, or at least that it should have a further and more careful examination, the plaintiff cannot recover.   The plaintiff insists that the car inspectors at Ravena wholly omitted to inspect any of the cars or appliances of the train before it started.   These were questions of fact for the jury.   We think there was sufficient evidence before the jury to sustain their verdict.

The judgment and order should be affirmed, with costs.   All concur, except HOUGHTON, J., who dissents.