LAKEWOOD (VIL.) v. CATHERINE P. SWIFT.

1. MUNICIPAL LIABILITY FOR DEFECTIVE SEWERS NOT RELIEVED FROM BY FACT OF BEING CONSTRUCTED BY TAX FUNDS.

A municipality is not relieved from liability for damages caused by the flooding of a cellar, resulting from the backing up of sewage in a private drain connected with a defective public sewer, by the fact that such main sewer was constructed at the expense of the corporation and paid for by funds raised by taxation, and not by assessment upon the property benefited.

2. EVIDENCE OF FLOODING OF SANITARY AND OTHER SEWERS ABOVE SAME OUTLET COMPETENT TO PROVE OBSTRUCTION IN MAIN OUTLET SEWER.

In an action for damages resulting from the flooding of a sanitary sewer, evidence that property drained by a storm sewer emptying into the same manhole as the sanitary sewer and that other property having drains leading to the sanitary sewer were flooded at the same time is competent as tending to show an obstruction in the main sanitary sewer below the manhole; but evidence of obstructions in the sewer above plaintiff's property and of sediment in the main sanitary sewer more than nine months after the flooding complained of is incompetent.

3. "UNPRECEDENTED RAINFALL" QUALIFIED BY INSTRUCTION AS TO OVERFLOW OF SEWERS NOT PREJUDICIAL.

"Unprecedented" as applied to rainfall overtaxing sewers in fixing the measure of liability of municipal liability for overflowing sewers to the damage of property drained, if unexplained or qualified, would be misleading; but as used in an instruction, "If the sewer * * * was of sufficient capacity to take care of the ordinary flow of water and sewage, including that brought in by the new streets; and the backing up was caused by an unprecedented rainfall, something which could not have been reasonably anticipated" considering conditions in that locality, it is not prejudicial.

ERROR to common pleas court.

E. G. Guthery, city solicitor, for plaintiff in error:

Permissive use of public sewers, Dermont v. Detroit, 4 Mich. 435; Sheriff v. Oskaloosa, 120 Iowa 442 [94 N. W. Rep. 904]; Buckley v. New Bedford, 155 Mass. 64 [29 N. E. Rep. 201]; Roll v. Indianapolis, 52 Ind. 547.

Prevention of the injury, Wilson Co. v. Waterbury, 73 Conn. 416 [47 Atl. Rep. 687]; Carr v. Northern Liberties, 35 Pa.

Lakewood v. Swift.

St. 324 [78 Am. Dec. 342]; *Mills* v. *Brooklyn*, 32 N. Y. 489; *Kelley* v. *Portland*, 100 Me. 260 [61 Atl. Rep. 180]; *Detroit* v. *Beckman*, 34 Mich. 125 [22 Am. Rep. 507]; *Bealafeld* v. *Verona*, 188 Pa. St. 627 [41 Atl. Rep. 651]; *Rozell* v. *Anderson*, 91 Ind. 591.

Liability for obstructions in sewers, *Zanesville* v. *Fannan*, 53 Ohio St. 605 [42 N. E. Rep. 703; 53 Am. St. Rep. 664]; *Arndt* v. *Cullman*, 132 Ala. 540 [31 So. Rep. 478; 90 Am. St. Rep. 922]; *City of Effingham* v. *Surrells*, 77 Ill. App. 460; *Smith* v. *New York*, 66 N. Y. 136; *Knostman & Peterson Furniture Co.* v. *Davenport*, 99 Iowa 589 [68 N. W. Rep. 887]; *Row* v. *Portsmouth*, 56 N. H. 291 [22 Am. Rep. 464].

Injuries resulting from extraordinary or excessive rainfall, *Peoria* v. *Adams*, 72 Ill. App. 662; *Allen* v. *Chippewa Falls*, 52 Wis. 430 [9 N. W. Rep. 284; 38 Am. Rep. 748]; *Gulath* v. *St. Louis*, 179 Mo. 38 [77 S. W. Rep. 744]; *Los Angeles Cemetery Assn.* v. *Los Angeles*, 103 Cal. 461 [37 Pac. Rep. 375]; *Helbling* v. *Cemetery Co.* 201 Pa. St. 171 [50 Atl. Rep. 970]; *Wright* v. *Wilmington*, 92 N. C. 156.

Effect of storm on other cellars, *Bateman* v. *Rutland*, 70 Vt. 500 [41 Atl. Rep. 500]; *Jamieson* v. *Railway*, 147 N. Y. 322 [41 N. E. Rep. 693]; *Lincoln* v. *Manufacturing Co.* 91 Mass. (9 Allen) 181; *Clark* v. *Willett*, 35 Cal. 534; *Fitzsimmons* v. *Braun*, 199 Ill. 390 [65 N. E. Rep. 252; 59 L. R. A. 421]; *Blank* v. *Livonia (Tp.)*, 79 Mich. 1 [44 N. W. Rep. 157]; *Windhaus* v. *Bootz*, 92 Cal. 617 [28 Pac. Rep. 557]; *Murdock* v. *State*, 68 Ala. 567; *Martyn* v. *Curtis*, 67 Vt. 263 [31 Atl. Rep. 296]; *Stoher* v. *Railway*, 91 Mo. 509 [4 S. W. Rep. 389]; *Leidlein* v. *Meyer*, 95 Mich. 586 [55 N. W. Rep. 367].

*Patterson & Nieding*, for defendant in error:

Cited and commented upon the following authorities: *Hart* v. *Neillsville*, 125 Wis. 546 [104 N. W. Rep. 702; 1 L. R. A. (N. S.) 952; 4 Am. Cas. 1085]; *Barton* v. *Syracuse*, 36 N. Y. 54; *Daggett* v. *Cohoes*, 7 N. Y. Supp. 882; *Bolton* v. *New Rochelle*, 84 Hun. 281 [32 N. Y. Supp. 442]; *Evers* v. *Long Island City*, 78 Hun. 242 [28 N. Y. Supp. 825]; *Fort Wayne* v. *Coombs*, 107 Ind. 75 [7 N. E. Rep. 743; 57 Am. Rep. 82]; *Mur-*

*phy* v. *Indianapolis*, 158 Ind. 238 [63 N. E. Rep. 469] ; *Roberts* v. *Dover*, 72 N. H. 147 [55 Atl. Rep. 895] ; *Lakeside & M. Ry.* v. *Kelly*, 6 Circ. Dec. 555 (10 R. 322) ; *Baxter* v. *Doe*, 142 Mass. 558 [8 N. E. Rep. 415] ; *Meyer* v. *Wolnitzell*, Tex. Civ. App. [63 S. W. Rep. 1058] ; *Crocker* v. *McGregor*, 76 Me. 282 [49 Am. Rep. 611] ; *Birmingham Union Ry.* v. *Alexander*, 93 Ala. 133 [9 So. Rep. 525].

## MARVIN, J.

Defendant is a property owner in the village of Lakewood and brought suit against the village, claiming damages by reason of the flooding of her cellar resulting from the backing up of water in a sewer drain leading from her cellar to a main sewer of the village on Detroit street. She recovered a judgment, and by proper proceedings the case is here for review.

Numerous claims of error are made, one of which is that the verdict should have been directed for the village for the reason that it is shown that the Detroit street sewer, the main sewer into which the drain sewer of the plaintiff below emptied, was constructed at the expense of the village, the money for the purpose being raised by general taxation and not by assessment upon property benefited; the claim being that the sewer being so constructed, the plaintiff whose sewer emptied into this main sewer, by permission of the village, could recover nothing, however defective the main sewer might have been. Authorities on this proposition are cited, notably the case of *Dermont* v. *Detroit*, 4 Mich. 435. This case seems to sustain the contention of the village, but the decided weight of authority is the other way, so far as we are able to find. A large number of cases are cited and commented upon in the brief furnished by counsel for the defendant in error. In *Hart* v. *Neillsville*, 125 Wis. 546 [104 N. W. Rep. 699; 1 L. R. A. (N. S.) 952]; it is held by the supreme court of Wisconsin, at page 702, that where as a matter of right a private drain is connected with the main sewer through an opening left therefor, and damage results to the property from which the private drain leads, does not relieve the municipality from liability in case there is a flooding of the property of the person constructing the private sewer.

Lakewood v. Swift.

In the case of *Daggett* v. *Cohoes,* 54 Hun. 639 [7 N. Y. Supp. 882], it is said:

"The fact that plaintiff had voluntarily connected her premises with the public sewer of defendant is no bar to her recovery for injuries caused by its negligence in permitting it to be out of repair."

To the same effect is *Bolton* v. *New Rochelle,* 84 Hun. 231 [32 N. Y. Supp. 442].

See also the case of *Murphy* v. *Indianapolis,* 158 Ind. 238 [63 N. E. Rep. 469], where it is said in the syllabus: "A city cannot by ordinance relieve itself from liability resulting from its negligence in maintaining a sewer."

And in the case of *Merzweiler* v. *Akron,* not reported, decided by this court in Summit county, April 8, 1910, the following quotation from 2 Dillon, Mun. Corp. Sec. 1049, was referred to, and seems applicable here:

"A municipal corporation is liable for negligence in the ministerial duty to keep its sewers (which it alone has the power to control and keep in order) in repair, as respects persons whose estates are connected therewith by private drains, in consequence of which such persons sustain injuries which would have been avoided had the sewers been kept in a proper condition. If the sewer is negligently permitted to become obstructed or filled up, so that it causes the water to back-flow into cellars connected with it, there is a liability therefor on the part of the municipal corporation having the control of it, and which is bound 'to preserve and keep in repair erections it has constructed, so that they shall not become a source of nuisance' to others. The work of constructing gutters, drains, and sewers is ministerial, and when, as is usually the case, the undertaking is a corporate one, the corporation is responsible in a civil action for damages caused by the careless or unskillful manner of performing the work."

But it is said that there was error in the admission of certain evidence. One Walter D. O'Donnell was permitted to testify, over the objection of the village, as appears at page 110 of the bill of exceptions, that his sewer was flooded at the time of the storm which flooded the cellar of Swift. It appears

that the drain from O'Donnell's cellar connected with a storm sewer of the village along the same street and but a few inches higher along the street than the sanitary sewer into which Swift's private sewer entered. The fact being that both the storm and sanitary sewers emptied into the same manhole, and that the evidence tended to show that this manhole filled up with what was emptied into it from these two sewers. We think this evidence was competent, as tending to show that the injury to Swift resulted from an obstruction in the sanitary sewer which may have been further down the incline of the sewer than this manhole.

Complaint, too, is made as to the admission of any evidence as to the flooding of other cellars which had drains leading in to this sanitary sewer. We hold that the court did not err in admitting this evidence. The fact that other cellars were flooded tended to show that there was failure on the part of this main sewer to carry off what it should have carried off, and therefore tended to show that there was some defect in it. An examination of the record fails to disclose any error on the part of the court in its rulings upon evidence offered in the case, except that the court permitted evidence to be introduced tending to show obstructions in the Detroit street sewer at a point higher up in the sewer than the point where Swift's sewer emptied into the main sewer. This evidence did not in any wise tend to show that the plaintiff was injured by reason of any defect or obstruction in the sewer. However faulty the condition of the sewer may have been above the point where the sewer of Swift emptied into the main sewer it could not have caused or help to cause the flooding of which Swift complains. This evidence was erroneously admitted and was calculated to prejudice the jury against the municipality. Again, the court permitted evidence to be introduced over the objection of counsel for the village tending to show that some nine or ten months after the injury to Swift's property there was sediment and other obstruction in the main sewer below the point, that is further down the line of the sewer than the point where Swift's sewer emptied in. This evidence did not tend to show that there was any obstruction there at the time of Swift's

injury, and it was error to admit it, and was calculated to prej-
udice the jury against the village.

For these two errors, and for these alone, the judgment of
the court below is reversed.

It is not at all improbable that without this evidence
the verdict would have been as it was, but since it is not cer-
tain that it would have been and since this testimony was erro-
neously admitted and may have affected the verdict; indeed,
may have directly tended to affect the verdict against the vil-
lage, we feel that the judgment must be reversed.

Complaint is made that the court erred in its charge to
the jury. The court said to the jury:

"If the sewer in Detroit street was of sufficient capacity
to take care of the ordinary flow of water and sewage, includ-
ing that brought in by the new streets, and the backing up was
caused by an unprecedented rainfall, something which could
not have been reasonably anticipated, considering the conditions
as to rainfalls in this latitude and vicinity, then the village
would not have been liable." Complaint is made of the use
of the word "unprecedented." It is said that a rainfall may
be so excessive as to overflow sewers, even though they are
properly constructed and equipped, and so relieve the munic-
ipality from liability even though the rainfall be not "un-
precedented." This is true. That for which the municipality
would be liable would be injury sustained by reason of the in-
sufficiency of the sewer to take care of the water and sewage
that might reasonably be anticipated to be brought into the
sewer during the times of such rainfalls as are likely to occur
in this locality, and the court so said to the jury, using this
language: "If the storm was of such volume of rainfall that
ordinary prudence and foresight would not have anticipated
it and provided against it, and this was the cause of plaintiff's
injury, plaintiff could not recover."

The court explained what was meant by the use of the
word "unprecedented" in the passage from the charge al-
ready quoted, by what immediately followed after the use of
that word, for the language taken together is, "If the sewer in
Detroit street was of sufficient capacity to take care of the

ordinary flow of water and sewage, including that brought in by the new streets, and the backing up was caused by an unprecedented rainfall, something which could not have been reasonably anticipated, considering the conditions as to rainfalls in this latitude and vicinity, then the village would not be liable.''

We are of opinion that the charge as a whole was correct and was not misleading, although the use of the word ''unprecedented,'' not explained or qualified, might be calculated to mislead.

The judgment of the court is reversed for the reasons given in this opinion and remanded to the court of common pleas.

**Henry** and **Winch, JJ.,** concur.

---

## EVIDENCE—TENANTS IN COMMON—WILLS.

[Morrow (5th) Circuit Court, May Term, 1911.]

Voorhees, Shields and Crow, JJ.

(Judge Crow, of the 3rd Circuit, Sitting in Place of Judge Powell.)